CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 21 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BROOKS J. TERRELL, | ) | Civil Action No. 7:09-cv-00130 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAPTAIN WILSON, et al., | ) | By: Hon. James C. Turk |
|    Defendant. | ) | Senior United States District Judge |

Plaintiff Brooks J. Terrell, a federal inmate at the United States Penitentiary in Lee County, Virginia, ("USP Lee") brings this pro se civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331. Terrell alleges that the defendants sexually and physically assaulted him and then placed him in a cell with unacceptable living conditions, in violation of his Eighth Amendment rights. After reviewing the complaint, the court dismisses the action for failing to administratively exhaust the claims, pursuant to 42 U.S.C. § 1997e(a).

I.

Terrell alleges the following facts. The defendants, correctional officers at USP Lee, ran into his cell and beat his face and head area with closed fists. They also rammed his head and face into the floor. While he was on the floor, Terrell felt something penetrate his anus. Terrell suffered swollen knots on his forehead, a gash above his left eye, and sore shoulders, arms, and anus. After the assault, Captain Wilson placed him in shackles, handcuffs, belly chains, and the Black Box for twenty-four hours in a dry cell without a bed, a toilet, or medical attention. He was also placed in another cell where the toilet did not flush and the bunk beds did not have a stool or ladder.

II.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, Anderson v. XYZ Correctional Health Services. Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required by § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion on its own motion and "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of Terrell's submissions that he did not complete the available administrative remedies procedures before filing this lawsuit.[1] Terrell included a rejection notice from the Administrative Remedy Coordinator for the Mid-Atlantic Regional Office dated March 28, 2009, that rejected Terrell's appeal because Terrell failed to appeal to the proper level. (Compl. 4.) The letter informed Terrell that he "must first file a BP-9 request through the

---

[1] Terrell filed the same claim in March 2009. See docket #7:09-cv-00069. On April 1, 2009, the court dismissed his complaint for failing to administratively exhaust the claims. Terrell previously argued that exhaustion meant that he was only required to appeal to the highest level without receiving a response before filing his § 1983 suit. The court informed him that he needed to properly exhaust all levels of the grievance process. At that time, his administrative appeal was still pending. Terrell subsequently received a response and refiled the action.

2

institution for the warden's review and response before filing an appeal." (Id.) Terrell does not establish that between the rejection letter and the present date that he has appealed to the warden, received a response from the warden, appealed to the regional office, and received a response from the regional office. The court reiterates that failure to properly exhaust all levels of administrative review is not "proper exhaustion." Until Terrell properly exhausts his administrative remedies, he has not given prison officials a fair opportunity to address his complaint, one of the primary justifications for the exhaustion requirement.

A plaintiff is not required to plead exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, defendants will move for dismissal if he files his complaint before completing the exhaustion process, and the court must dismiss the suit. Therefore, it is in the interest of judicial economy (and in Terrell's own best interest) for the court to summarily dismiss a civil action if it is clear from Terrell's own submissions that he has not exhausted administrative remedies before filing this civil action. Anderson, 407 F.3d at 682. Accordingly, the court dismisses the complaint for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).[2]

III.

For the foregoing reasons, the court dismisses the complaint for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The Clerk is directed to send copies of this memorandum opinion and the accompanying

---

[2] Terrell may refile his claims in a new civil action once he exhausts all administrative reviews in the proper order. If he chooses to refile his claims, however, he is advised to provide in the complaint itself a more detailed version of the facts on which his claims are based.

3

order to the plaintiff.

      **ENTER**: This _21st_ day of April, 2009.

                                                              _/s/ James C. Turk_
                                                        Senior United States District Judge